IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, in the interest of Cotrell T. Knight; | |
| Plaintiff, | 8:24CV458 |
| vs. | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, | |
| Defendant. | |

This matter is before the Court on the Complaint, Filing No. 1, and Notice of Fee Waiver, Filing No. 2, filed by Plaintiff Phyllis M. Knight ("Plaintiff") on behalf of her son, Cotrell T. Knight ("Knight").[1] For the reasons that follow, the Court will dismiss the Complaint without prejudice.

## I. BACKGROUND

On November 25, 2024, Plaintiff filed her Complaint on behalf of Knight using the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner). Filing No. 1. Plaintiff signed the Complaint as "Phyllis M. Knight on behalf of Cotrell T. Knight." Id. at 11. Attached to the Complaint is a copy of a Power of Attorney designating Plaintiff as Knight's power of attorney. Id. at 16.

Also attached to the Complaint is a document titled "Notice of Removal" and captioned in the County Court of Douglas County, Nebraska, State of Nebraska v. Cotrell T. Knight, Case No. CR24-16856 (hereinafter the "Criminal Case"). Id. at 12–14. Liberally construing the Complaint and the Notice of Removal, Plaintiff seeks to remove the Criminal Case to this Court

---

[1] The Court notes Knight filed duplicate copies of the Complaint and Notice of Fee Waiver, which the Court docketed as attachments to the Complaint. See Filing No. 1-1; Filing No. 1-2.

because she claims Knight was unlawfully kidnapped from the Sedgwick County Jail in Wichita, Kansas, on October 30, 2024, by two Omaha Police Department ("OPD") officers and taken to the Douglas County Detention Center in Omaha, Nebraska. *Id*. at 4, 12. The Court takes judicial notice of the Criminal Case records which show that a complaint was filed on October 2, 2024, charging Knight with kidnapping, a Class IA felony, and a warrant was issued for his arrest and served on Knight on October 30, 2024. Knight was appointed counsel, a preliminary hearing was held on December 2, 2024, and the Douglas County Court determined there was probable cause for Knight's detention and bound the matter over to the state district court where it remains pending.[2]

In addition to removal of the Criminal Case, Plaintiff also seeks damages against the State of Nebraska under 42 U.S.C. § 1983 for "proven injuries caused to Plaintiffs' civil rights and civil liberties in criminal case that violated the 14th Amendment (which guarantees the right to a fair hearing that follows the rules)," as well as an order for Knight's "immediate release from wrongful det[ention]." Filing No. 1 at 5.

## II. DISCUSSION

### A. Notice of Fee Waiver

As an initial matter, Plaintiff has not paid the Court's $405.00 filing and administrative fees, nor has she filed a motion for leave to proceed in forma pauperis that complies with 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such

---

[2] The Court takes judicial notice of the state court records in *State v. Cotrell T. Knight*, CR24-16856, County Court of Douglas County, Nebraska, and *State v. Cotrell T. Knight*, CR24-5524, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

prisoner possesses that the person is unable to pay such fees or give security therefor"). Rather, Plaintiff filed a "Notice of Fee Waiver," in which she indicates no filing fee is required in this case as she is removing a criminal case to federal court under 28 U.S.C. § 1443. Filing No. 2.

Plaintiff is generally correct that "[a] filing fee is not required for the removal of a state criminal prosecution to federal court." *Kyles v. Nebraska*, No. 8:22CV290, 2022 WL 3597765, at *1 (D. Neb. Aug. 23, 2022) (citing *Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964)). However, as explained below, Plaintiff cannot remove her son Knight's Criminal Case to this Court on his behalf, and the Court, thus, will dismiss Plaintiff's Complaint without prejudice.

## B. Plaintiff Cannot Represent, or Litigate on Behalf of, Knight

As indicated above, Plaintiff filed this action pro se "in the interest of Cotrell T. Knight" and signed the Complaint on Knight's behalf. Filing No. 1 at 1, 11 (capitalization omitted). However, Plaintiff is not an attorney licensed to practice in this Court. While pro se individuals have an absolute right to represent themselves, pro se parties may not represent the interests of other parties. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). This holds true even when the pro se individual seeks to represent her own children. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children). "While there are some situations in which parents may bring *pro se* claims on behalf of their children—such as an application for Social Security benefits—'no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law.'" *Nunley v. Erdmann*, No.

C14-4016-MWB, 2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir.2010)).

The fact that Plaintiff holds a power of attorney for Knight granting her authority "[t]o execute any and all administrative and judicial affairs being adjudicated in the State and Federal Courts of the United States" on behalf of Knight, Filing No. 1 at 16, does not authorize Plaintiff to practice law on Knight's behalf. In reaching a similar conclusion, the District Court for the District of Minnesota discussed the case of *Kapp v. Booker*, No. CIV.A. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006), in which

> the court explained that even where a plaintiff has granted power of attorney to a non-lawyer in accordance with state law, this does not authorize the non-lawyer to conduct litigation [on] the person's behalf.
>
> > While an individual may represent themselves pro se, that is, without the benefit of counsel, all states have laws prohibiting a person who is not a lawyer from representing another person in a legal proceeding. While the power of attorney gives Ms. Kapp legal standing to assert claims owned by her husband on his behalf, it does not authorize her to practice law by representing another person, her husband, in a lawsuit: that must still be done by a licensed attorney.

*Reese v. Sherburne Cnty. Det. Ctr.*, No. 019CV01975ECTKMM, 2020 WL 4593803, at *2 (D. Minn. Aug. 11, 2020) (quoting *Kapp, supra*).

This Court has similarly refused to "enable a third party to participate in the unauthorized practice of law" and rejected filings submitted by a power of attorney where such filings attempt to circumvent the requirement of Federal Rule of Civil Procedure 11(a) that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1–2 (D. Neb. Oct. 23,

4

2007). Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See Id.* (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). Here, there has been no showing that Knight cannot litigate his own affairs. Knight, "as any other inmate, has the ability to prepare, sign and file [his] own legal documents. Absent this clear involvement of [Knight], the Court cannot be assured that the statements and arguments made are those of [Knight]." *Id.* at *2.

As Plaintiff is not an attorney and cannot represent Knight's interests in this litigation, the Court concludes this case is a nullity and "the defect cannot be amended." *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (adopting the reasoning of *Davenport v. Lee*, 72 S.W.3d 85, 94 (Ark. 2002)). Plaintiff is put on notice that any further filings in this Court on behalf of her son may result in sanctions against her. *See Brenton*, 2007 WL 3124539, at *2 (citing 5A C. Wright & A. Miller, at 508 & n. 3).

    IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.
2. The Court shall enter a separate judgment.

Dated this 10th day of April, 2025.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Senior United States District Judge